No. 23-1093

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
                                                FILED
                                              Jun 8, 2023
                                          DEBORAH S. HUNT, Clerk
```

| | |
|---|---|
| GARRETT MJ TALIF SOREZO, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| JOE SMITH, NASA; ELON MUSK, Space X; SHERIFF MICHAEL MAIN, | ) ) |
| | ) |
| Defendants-Appellees. | ) |

Before: GILMAN, Circuit Judge.

Garrett MJ Talif Sorezo, proceeding pro se, appeals a district-court judgment dismissing his complaint, which the district court construed as being filed under 42 U.S.C. § 1983. Pursuant to Federal Rule of Appellate Procedure 24(a)(5), Sorezo moves to proceed in forma pauperis (IFP) on appeal. Because Sorezo has no good-faith argument that the district court erred in dismissing his complaint, his motion is denied.

Sorezo sued Joe Smith, alleged to be the "CEO of NASA"; Elon Musk; and Isabella County Sheriff Michael Main. He alleges that, since August 2022, he has been "monitored in a strange way" and that the defendants have invaded his privacy using "space technology" that is loud and "torture[s] [his] eardrums." He further alleges that he is "being mistreated by Michael Main and the jail staff." Sorezo brings claims for violations of his civil rights, the Privacy Act, and the Federal Tort Claims Act (FTCA). The district court granted Sorezo's motion to proceed IFP for the district court proceedings.

Pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the district court screened Sorezo's complaint and dismissed it as frivolous and for failure to state a claim. The district court also certified that an appeal could not be taken in good faith.

This court will grant an IFP motion if it determines that the appeal is being taken in good faith, i.e., that the issues to be raised are not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous if "it lacks an arguable basis either in law or in fact" or if it is based on "fantastic or delusional" factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989); *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999).

There is no non-frivolous basis on which to appeal the district court's dismissal of Sorezo's complaint. First, Sorezo's § 1983 claims against Musk were subject to dismissal because there are no allegations to support an inference that he is a state actor. 42 U.S.C. § 1983; *see Lindsey v. Detroit Ent., LLC*, 484 F.3d 824, 827 (6th Cir. 2007).

Second, Sorezo's § 1983 claims against Smith and Musk were subject to dismissal because Sorezo did not allege any personal involvement or active participation in any unconstitutional behavior on the part of these defendants. *See Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that liability under § 1983 attaches only when a defendant is personally involved in unconstitutional conduct). This holds true to the extent that Sorezo seeks to impose supervisor liability on Main through his position as the Isabella County Sheriff for the alleged monitoring and noise that Sorezo purportedly is experiencing at the Isabella County Jail, because Sorezo did not allege that Main was personally involved in the deprivation of any constitutional right. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) ("Proof of personal involvement is required for a supervisor to incur personal liability [under § 1983]."); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-95 (1978). And Sorezo's § 1983 claim against Main in his individual capacity, based on Sorezo's allegation that Main has "mistreated" him, was subject to dismissal because it is too conclusory to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (holding that "conclusory allegations of unconstitutional conduct" without "[s]ome factual basis" fail to state a § 1983 claim).

Third, to the extent that Sorezo intended to raise a state-law invasion-of-privacy claim based on his allegation that the defendants are "invading [Sorezo's] privacy" at the Isabella County

Jail through "space technology or space instruments," his complaint was subject to dismissal because it is unsupported by any plausible set of facts. *See Iqbal*, 556 U.S. at 678; *see Lewis v. Dayton Hudson Corp.*, 339 N.W.2d 857, 859 (Mich. Ct. App. 1983) (requiring a plaintiff to allege, among other things, an intrusion by the defendant "into a matter which [he] has a right to keep private" in order to state a claim for invasion of privacy based on intrusion upon seclusion under Michigan law).

Finally, Sorezo's Privacy Act and FTCA claims lack an arguable basis in law: the Privacy Act authorizes suits against agencies, not individuals, *see Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1983), and the FTCA claim was subject to dismissal because, among other reasons, Sorezo did not allege that he exhausted his administrative remedies before filing his complaint. 28 U.S.C. §§ 1346(b)(1), 2675(a), (b); *McNeil v. United States*, 508 U.S. 106, 112 (1993). And all of Sorezo's claims lack an arguable basis in fact because, as aptly stated by the district court, his allegations are "'clearly baseless in that they describe 'fantastic or delusional scenarios.'" *See Neitzke*, 490 U.S. at 327-28.

The motion for leave to proceed IFP therefore is **DENIED**. Unless Sorezo pays the $505 appellate filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

                                                ENTERED BY ORDER OF THE COURT

                                                Deborah S. Hunt, Clerk